## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:23-CR-00150 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN BRAMWELL, | ) | |
| *Defendant*. | ) | October 11, 2024 |

### ORDER DENYING DEFENDANT'S MOTION FOR SEVERANCE

Sarala V. Nagala, United States District Judge.

Defendant Ryan Bramwell has been charged with three counts related to his alleged participation in a conspiracy to distribute and possess with intent to distribute heroin, fentanyl, cocaine, and oxycodone. Eleven other co-Defendants were also charged in conjunction with this alleged drug conspiracy, eight of whom have pleaded guilty to their relative charges. Bramwell and three remaining co-Defendants await trial. The three remaining co-Defendants have consented to move jury selection to February of 2025; Bramwell opposes the lengthy continuance and seeks to sever his trial from that of the remaining co-Defendants. Bramwell contends that he will be prejudiced by a joint trial; that judicial economy is served by a short trial for him alone; and that he is entitled to a speedy trial, rather than further delay. The Government opposes Bramwell's motion, arguing that he has not met the high hurdle for severance, that the Court can minimize any prejudice that could arise from a joint trial, and that severance would result in judicial inefficiency.

For the reasons described below, the Court agrees with the Government, and Bramwell's motion for severance is DENIED.

### I.   FACTUAL BACKGROUND

As part of a single, eleven-count superseding indictment, Bramwell and his co-Defendants were charged with conspiracy to distribute and possess with intent to distribute 40 grams or more

of fentanyl and quantities of heroin, cocaine, and oxycodone between June 6, 2022, and October 11, 2023 (Count One). *See* Superseding Indictment, ECF No. 46, ¶¶ 1–7. Bramwell and his co-Defendant Kelvin Alvarado were also charged with possession with intent to distribute and distribution of 40 grams or more of fentanyl on December 6, 2022, (Count Five), and possession with intent to distribute and distribution of heroin on January 24, 2023 (Count Six). ECF No. 46, ¶¶ 11–12. Other co-Defendants were charged in other counts. Alvarado and seven other co-Defendants have since pleaded guilty. Three co-Defendants—Mariano Irizarry, Luis Sanchez-Vazquez, and Dianna Zeilik—remain for trial.

According to the Government, Bramwell was a supplier and distributor of fentanyl, heroin, and crack cocaine for co-Defendant Irizarry's drug trafficking organization. Govt's Opp. Br., ECF No. 395 at 2. The Government collected evidence through physical surveillance, pen register data, phone records, and a Title III wiretap, from which it identified Bramwell as a supplier of narcotics to co-Defendants Marcus Jacobs and Jacquet Jacobs. Mot. to Sever, ECF No. 387 at 2, 3–4; ECF No. 395 at 2. Bramwell also allegedly directed Jacquet Jacobs and co-Defendant Yhamanda Wallen to conduct drug transactions. ECF No. 395 at 2. The Government seized physical evidence from Bramwell during controlled purchases on December 6, 2022 (relating to Count Five) and January 24, 2023 (relating to Count Six). ECF No. 395 at 2.

Trial was most recently set for October 22, 2024. *See* ECF No. 275. Because the Court has another criminal trial proceeding on that date, it notified the parties that it was likely to move the jury selection date to November 5, 2024. The Government then filed a motion to continue, ECF No. 359, contending that the lead prosecutor was unavailable for the November date due to a conflicting trial. The Court convened a status conference with the Defendants who remain for trial on September 17, 2024. At that conference, the Government stated that the trial of the remaining

Defendants would likely last three to three-and-a-half weeks, in part due to the presentation of unique evidence against each remaining co-Defendant. All remaining Defendants except Bramwell consented on the record to moving jury selection to February of 2025. *See* ECF No. 375. Bramwell did not consent, and instead filed the present motion for severance. ECF No. 387.

## II.     LEGAL STANDARD

Bramwell does not challenge his joinder with co-Defendants under Federal Rule of Criminal Procedure 8. Rather, he seeks to sever that joinder under Federal Rule of Criminal Procedure 14. Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Courts have long preferred that jointly indicted defendants be jointly tried. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003); *see also Richardson v. Marsh*, 481 U.S. 200, 209 (1987) ("Joint trials play a vital role in the criminal justice system[.]"). "This preference is particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998); *see also United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991). Joint trials support judicial efficiency and fairness and help avoid the "inequity of inconsistent verdicts." *Richardson*, 481 U.S. at 210.

In evaluating Rule 14 motions to sever, district courts have broad discretion. *Zafiro*, 506 U.S. at 538–39; *Cardascia*, 951 F.2d at 482. To succeed on a claim for severance, a defendant must show prejudice so "severe [as] to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials." *United States v. Lanza*, 790 F.2d 1015, 1019 (2d Cir. 1986)

3

(quoting *United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984)).  Further, the defendant must demonstrate that "a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

### III.   DISCUSSION

The Court holds that severance is not warranted here.

First, Bramwell will not be so severely prejudiced in a joint trial that severance is required. It is true that any trial in this case will involve multiple charges against four separate co-Defendants and may include evidence not directly related to Bramwell.  But a defendant raising a claim of spillover prejudice "bears an extremely heavy burden," particularly where a conspiracy is charged. *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir. 1988).  "'The typical spillover claim is that evidence admissible against only one defendant is prejudicial to all [other] defendants,' and that individual or separate trials would avoid that prejudice."  *United States v. Carrasquillo*, No. 3:20-cr-100 (KAD), 2021 WL 3292649, at *3 (D. Conn. Aug. 2, 2021) (quoting *United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992)).  If a defendant is charged in a conspiracy, however, "'all the evidence admitted to prove that conspiracy, even evidence relating to acts committed by co-defendants, is admissible against the defendant.'"  *Carrasquillo*, 2021 WL 3292649, at *3 (quoting *Salameh*, 152 F.3d at 111); *see also Friedman*, 854 F.2d at 563 (holding that no prejudicial spillover existed where "most of the evidence of which [defendant] complains would have been admissible against him in a separate trial as acts of co-conspirators in the furtherance of a conspiracy.").  Here, the evidence that will be admitted to establish the conspiracy, even if relevant primarily to a co-Defendant, will also be admissible against Bramwell.  Moreover, although Bramwell claims that there is little evidence connecting him to the other co-Defendants who remain for trial, the Government represents that the wiretap evidence will include calls

between Bramwell and remaining co-Defendant Irizarry and calls between Bramwell and Alvarado discussing calling Irizarry to be supplied narcotics by Irizarry.  *See* ECF No. 387 at 5–6; ECF No. 395 at 4.  It will further include evidence of Irizarry's relationships to remaining co-Defendants Sanchez-Vazquez and Zeilik.  *See* ECF No. 395 at 4–5.  In short, to demonstrate how the alleged conspiracy functioned and Bramwell's role in it, the Government would seek in any trial on the conspiracy count—including a separate trial against Bramwell alone, were the Court to grant the severance—to introduce evidence pertinent to the remaining co-Defendants.  Bramwell's argument that he would be severely prejudiced in a joint trial therefore does not carry the day.

Furthermore, although evidence may also be introduced at a joint trial of other substantive, non-conspiracy counts against the remaining co-Defendants (in which Bramwell is not charged), the Court can mitigate any potential prejudice by instructing the jurors "regarding the right of each defendant to individualized consideration."  *DiNome*, 954 F.2d at 843; *see also United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989) (noting that absent contrary evidence, courts presume that "juries follow the instructions given [to] them by the trial judge.").  Nor is there such a risk of juror confusion that severance is warranted.  "The Court cannot assume that a multi-defendant trial is beyond the average jury's ability."  *United States v. Brown*, No. 3:12-cr-74 (WWE), 2012 WL 6681690, at *1 (D. Conn. Dec. 21, 2012) (citing *United States v. Moten*, 564 F.2d 620, 627 (2d Cir. 1977)).  Bramwell asserts only that jurors "*may* find it difficult to distinguish the evidence related to Defendant from that related to the other remaining co-defendants."  ECF No. 387 at 6 (emphasis added).  This general assertion of possible confusion is insufficient to grant Bramwell's request for severance.

Considerations of judicial economy also favor a joint trial.  As Bramwell acknowledges, all four remaining co-Defendants are charged with participating in the same drug conspiracy.  *See*

5

ECF No. 387 at 5. Conducting a separate trial for Bramwell on this count would require duplicative effort, including repetition of similar arguments, testimony from the same witnesses, and presentation of the same evidence at separate trials—all of which would run counter to the goal of judicial economy. *See* ECF No. 395 at 5. Although Bramwell's individual trial could possibly be shorter if severed from that of the co-Defendants, *see* ECF No. 387 at 6, the Court cannot discount that this proposal would require multiple trials on the same charge. Therefore, the Court is not persuaded by Bramwell's judicial economy argument.

Finally, Bramwell's assertion of his speedy trial rights violations is insufficient to demand severance. While the Court recognizes that Bramwell "wants to get his [trial] over with," ECF No. 387 at 7, this declaration, on its own, is insufficient to establish violations of the Speedy Trial Act or Bramwell's constitutional right to a speedy trial. Indeed, as Bramwell acknowledges, the Speedy Trial Act specifically allows for exclusion of time for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). A four-month period of delay, between October of 2024 and February of 2025, is reasonable.

In sum, none of Bramwell's arguments for severance carry the day.

### IV.     CONCLUSION

For these reasons, Bramwell's motion for severance is DENIED. Bramwell will proceed to trial with the remaining co-Defendants in this matter. Jury selection will take place on February 25, 2025. The Court will enter a separate order granting the Government's motion for a

continuance and making Speedy Trial Act findings.

      **SO ORDERED** at Hartford, Connecticut, this 11th day of October, 2024.

                                             */s/ Sarala V. Nagala*
                                             SARALA V. NAGALA
                                             UNITED STATES DISTRICT JUDGE