UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff*, <br><br> v. <br><br> RYAN BRAMWELL, <br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 3:23-CR-00150 (SVN) <br><br><br><br><br><br> July 14, 2025 |

## ORDER DENYING DEFENDANT'S SECOND MOTION FOR SEVERANCE

Sarala V. Nagala, United States District Judge.

In this criminal action, Defendant Ryan Bramwell has been charged in the second superseding indictment with four counts related to his alleged participation in a narcotics conspiracy and alleged possession of a firearm. *See* Second Superseding Indictment, ECF No. 644. Eleven other co-Defendants were previously charged in conjunction with this alleged drug conspiracy, ten of whom have pleaded guilty to their respective charges. Bramwell and one remaining co-Defendant, Mariano Irizarry, await trial, which had been scheduled for jury selection on July 22, 2025. After Irizarry recently moved for and was appointed new counsel, the Court continued the trial date for him to a date to be determined.[1] *See* Order, ECF No. 695. Bramwell opposes any continuance of his trial and seeks to sever his trial from that of Irizarry. *See* Second Mot. for Severance, ECF No. 710. The Government opposes severance. Gov't's Opp. Br., ECF No. 712. After reviewing the papers, the Court indicated on the docket that it intended to deny Bramwell's motion to sever, with a written ruling to follow. *See* Order, ECF No. 713.

For the reasons described below, the Court finds that severance is not warranted. Thus, Bramwell's motion for severance is DENIED.

---

[1] Irizarry's new counsel requested a trial date no earlier than October of 2025, which the Court is prepared to accommodate, as discussed below.

## I. PROCEDURAL BACKGROUND

The Court incorporates by reference the factual background of this case included in its ruling on Bramwell's first motion to sever, *see* Order, ECF No. 408 at 1–3, and supplements that background with procedural developments since that ruling.

Following the Court's ruling denying Bramwell's prior motion to sever in October of 2024, jury selection was set for February 25, 2025. *See* ECF No. 408; Order, ECF No. 409. By that point, only Defendants Irizarry and Bramwell remained for trial, on the first superseding indictment.

Although Bramwell had been detained pending trial, on November 25, 2024, the Court (Spector, J.) issued an order setting conditions of release to permit him to attend substance abuse treatment while awaiting trial. Order, ECF No. 465. But, on January 20, 2025, Bramwell absconded from supervision by cutting off his GPS ankle monitor and leaving his treatment facility. *See* Petition for Action on Conditions of Pretrial Release, ECF No. 542. Because Bramwell's whereabouts were unknown, the Court granted the Government's consent motion to continue the February 2025 trial date, and set trial for July 22, 2025.[2] Order, ECF No. 538.

After Bramwell was apprehended on February 4, 2025, this Court held a status conference to discuss the possibility of moving forward with trial in late February or early March of 2025, rather than delaying the trial until July 22, 2025. Order, ECF No. 548. Bramwell objected to any continuance. *Id.* The Court found his objection unpersuasive for the following reasons: (1) it was Bramwell's decision to abscond from pre-trial supervision that had delayed the trial date; (2) Bramwell's counsel reported that counsel would not be ready for a late February or early March trial; and (3) certain of the Government's witnesses would not be available for a March trial, and

---

[2] Irizarry consented to this continuance and withdrew his own previously-filed motion to sever. *See* ECF No. 538; Irizarry's Mot. to Withdraw Severance Mot., ECF No. 529.

the Government had diverted significant resources from trial preparation to its efforts to apprehend Bramwell. *Id.* The Court thus maintained the July 22, 2025, trial date.

On June 17, 2025, the Government filed a second superseding indictment, deleting charges against prior Defendants who had pleaded guilty and, as relevant here, adding an additional charge against Bramwell: unlawful possession of a firearm by a felon (Count 6). ECF No. 644. Bramwell subsequently filed two motions to suppress related to that added count, as well as other pre-trial motions, in anticipation of the July 22, 2025, trial start date. *See* ECF Nos. 642, 661–62, 667–68, 671–73, 675.

In the meantime, Bramwell's co-Defendant Irizarry filed a motion to appoint new counsel on June 6, 2025. ECF No. 634. On June 30, 2025, this Court granted that motion and confirmed that Irizarry would not proceed to trial on July 22, 2025, because his new counsel could not be ready for trial that quickly. *See* Order, ECF No. 694. Bramwell then filed the present motion for severance. ECF No. 710.

## II.    LEGAL STANDARDS

### A. Severance

Federal Rule of Criminal Procedure 8 provides for joinder of defendants for trial "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). But Federal Rule of Criminal Procedure 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

3

Courts have long preferred that jointly indicted defendants be jointly tried. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003); *see also Richardson v. Marsh*, 481 U.S. 200, 209 (1987) ("Joint trials play a vital role in the criminal justice system[.]"). This preference stems from both equity and efficiency considerations affecting a trial, including supporting the accuracy of any assessment of culpability, ensuring the efficient use of Court resources, and avoiding inconsistent verdicts or unfair advantage for the "last-tried defendant[]" who would benefit from "knowing the prosecution's case beforehand." *United States v. Contreras*, 216 F. Supp. 3d 299, 303–04 (W.D.N.Y. 2016) (citing *Richardson*, 481 U.S. at 210); *see also United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) ("Considerations of efficiency and consistency militate in favor of trying jointly defendants who were indicted together."). "Joint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy." *Spinelli*, 352 F.3d at 55; *see also United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) ("This preference is particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme.").

In evaluating Rule 14 motions to sever, district courts have broad discretion. *Zafiro*, 506 U.S. at 538–39; *United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991). To succeed on a claim for severance, a defendant must show prejudice so "'severe [as] to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials.'" *United States v. Lanza*, 790 F.2d 1015, 1019 (2d Cir. 1986) (quoting *United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984)).

B. Speedy Trial Act

The Speedy Trial Act ("STA") provides that a criminal defendant's trial must begin within seventy days of the filing of the information or indictment, or from the date the defendant first

4

appears on the charge in the charging district, whichever is later. 18 U.S.C. § 3161(c)(1). The STA also exempts or excludes certain periods of time from the computation of the seventy days. *See* 18 U.S.C. § 3161(h). If a defendant is not brought to trial within seventy days—after factoring in time that is excluded under § 3161(h)—he may move to dismiss the indictment. 18 U.S.C. § 3162(a)(2).

Relevant here, the STA "imposes a unitary time clock on all co-defendants joined for trial." *Unites States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990). Therefore, "delay attributable to any one defendant is charged against the single clock, thus making the delay applicable [and excludable under the STA] to all defendants." *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986). Jointly attributable delay has its limits, however. Specifically, where a motion to sever has been denied, only a *reasonable* period of delay may be excluded under the Speedy Trial Act against the defendant who sought severance. *See* 18 U.S.C. § 3161(h)(6) (excluding from the speedy trial clock "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"); *see United States v. Brown*, No. 3:17-CR-00055-4 (VLB), 2020 WL 4499969, at *2–3 (D. Conn. Aug. 5, 2020) ("Because the Court has denied [Defendant's] motion for severance, going forward the Court must examine the reasonableness of any delay caused by [his] co-defendants before time under the Speedy Trial Act can be excluded as against [him]." (internal quotation marks omitted)); *Contreras*, 216 F. Supp. 3d at 305 ("Because [Defendant] has made a severance motion that has now been denied, he . . . is entitled to the benefit of the reasonableness limitation on delays affecting co-defendants in § 3161(h)(6)" (internal quotation marks omitted) (ellipses in original)). Where the delay is unreasonable, a court may determine that it is appropriate to sever on speedy trial grounds. *Contreras*, 216 F. Supp. 3d at 303.

**III.    DISCUSSION**

Because Bramwell fails to establish that he will be severely prejudiced by a joint trial and because he has failed to demonstrate that any further delay would be unreasonable, his motion for severance is DENIED.

The Court begins by analyzing whether severance is appropriate under Fed. R. Crim. P. 14(a). Because it concludes that severance is not warranted under that standard, the Court then assesses whether the delay attributable to his co-Defendant is reasonable to exclude against Bramwell. It finds the delay is reasonable.

A. Motion to Sever

First, severance is not warranted here. As noted above, the key inquiry on a severance motion is whether such severe prejudice would result, so as to outweigh the judicial economy achieved by avoiding duplicative trials. *Lanza*, 790 F.2d at 1019.

While the Court acknowledges that Bramwell would prefer to proceed to trial immediately, his arguments fail to establish the severe prejudice necessary to warrant severance. Bramwell's motion predominantly relies on broad, conclusory assertions that any further delay will severely prejudice his case because he is prepared for trial now, and wants to proceed to trial now. In addition to such general statements, Bramwell asserts four types of prejudice he will suffer due to further delay: (1) "prolonged pretrial detention or court supervision"; (2) "fading witness memories and potential unavailability of witnesses"; (3) "strategic disadvantage due to unnecessary delay in adjudication"; and (4) "extended reputational harm from delayed adjudication." ECF No. 710 at 2–3. None of these asserted reasons, individually or collectively, constitute a showing of severe prejudice stemming from a joint trial.

First, as the Government aptly points out in its briefing, Bramwell's own actions have substantially contributed to his pretrial detention. *See* ECF No. 712 at 6–7. He was initially placed on pretrial detention when arrested in October of 2023, *see* Order, ECF No. 15, and then his first motion for pretrial release was denied in September of 2024, due in part to the risk that he would flee, *see* Order, ECF No. 196. When the Court ultimately permitted him to enroll in in-patient drug rehabilitation in November of 2024, he chose to cut off his GPS monitor and abscond from supervision approximately one month before his February 25, 2025, trial date—thus extending his pretrial detention by five months, when the trial date needed to be continued to July 22, 2025. *See* ECF No. 538 (continuing jury selection to July 22, 2025, as Bramwell's whereabouts were unknown); ECF No. 542 (detailing Bramwell's flight from his treatment facility); Order of Detention, ECF No. 545 (detaining Bramwell after he ultimately was apprehended). Bramwell cites to no case law at all regarding prejudice resulting from "prolonged pretrial detention or court supervision," nor does he explain why an additional few months of pretrial detention constitutes a "prolonged" period. And, in any event, case law in this Circuit finds that a prolonged period of pretrial detention alone is insufficient to command severance. *See United States v. Jones*, 143 F. Supp. 3d 78, 91–92 (W.D.N.Y. Nov. 10, 2015) (collecting cases). Thus, Bramwell's argument regarding prolonged pretrial detention fails to establish severe prejudice.

Second, Bramwell relies only on a conclusory assertion that he will be prejudiced by "fading witness memories and potential unavailability of witnesses." ECF No. 710 at 3. He provides no further detail regarding which witness' testimony he believes will be impacted or why he anticipates a continuance of a few months will alter any witness' memory or availability in any significant way such that he will be severely prejudiced. *See generally id.* Instead, to support this assertion, Bramwell appears to rely in part on *United States v. Burns*, 898 F.2d 819 (1st Cir. 1990).

*See id.* But there, the Court granted severance after the defendant provided evidence that a specific witness central to his defense would be unable to testify absent severance, due to Fifth Amendment concerns. *Burns*, 898 F.2d at 819–20. No such issue has been asserted here. Absent more specific details that lead Bramwell to believe this delay will impact witness testimony, the Court cannot find that this blanket assertion alone is sufficient to satisfy a showing of "severe prejudice" from any delay. Moreover, the Government notes that the vast majority of the witnesses in this case will be called by the Government, not by Bramwell—so if fading memories are likely to prejudice any side, they are more likely to affect the Government. Yet, despite this risk, the Government still opposes severance, in light of the loss of efficiency and other concerns presented by multiple trials.

Third, Bramwell relies on a conclusory statement that further delay will somehow create a strategic disadvantage. But he does not explain how he reached that conclusion or why any continuance will disadvantage him at trial. Simply stating a disadvantage will exist is insufficient to establish severe prejudice. *See United States v. Kidd*, No. 15-CR-98-FPG-HKS-3, 2018 WL 2723991, at *7 (W.D.N.Y. June 6, 2018) ("Unsupported, conclusory allegations of prejudice . . . are insufficient to warrant severance.") (collecting cases).

Fourth, and finally, even assuming reputational delay could amount to severe prejudice—a principle for which Bramwell has cited no authority—Bramwell fails to demonstrate how his reputation will be incrementally harmed by further delay. Presumably, this harm could result from the pending charges against him. But, as the Government points out, any reputational harm associated with these charges is limited, in light of Defendant's extensive criminal history including multiple prior felony convictions. ECF No. 712 at 8. Thus, any new reputational damage stemming from an additional few months with the present charges pending is limited.

Further, despite Bramwell's assertions to the contrary, *see* ECF No. 710 at 4, for the reasons stated in the Court's ruling on his first motion to sever, judicial economy strongly favors a joint trial, and the Government may be prejudiced if it must try Defendants Irizarry and Bramwell separately. *See* ECF No. 408 at 5–6.

In sum, none of Bramwell's arguments for regarding prejudice carry the day. Thus, his motion for severance is DENIED.

B.  Reasonableness of Delay Attributable to Irizarry

Because Bramwell motion for severance has been denied, "he is . . . entitled to the benefit of the reasonableness limitation on delays affecting co-defendants" in § 3161(h)(6). *Vasquez*, 918 F.2d at 337. Although Irizarry's request to obtain new representation, and the Court's decision to grant that request, will delay Defendant Bramwell's trial date by a few months, the Court finds this delay reasonable based on the totality of circumstances.

The Second Circuit appears to have adopted a totality of the circumstances approach to assessing reasonableness. *See United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995) ("The only inquiry [under § 3161(h)(6)] made in . . . multiple defendant cases is whether the delay is 'reasonable'") (citing *United States v. Tobin*, 840 F.2d 867, 869–70 (11th Cir. 1988)). The § 3161(h)(6) "reasonableness requirement must be assessed in light of the strong presumption in favor of joint trials." *Jones*, 143 F. Supp. 3d at 91 (quotation marks omitted). *See also Pena*, 793 F.2d at 489–90 (noting that Congress "intended that reasonable speedy trial time be excludable under Section 3161(h)[(6)] when necessary *to enable joint trials to go forward*" (emphasis added)).

The Court must first determine what the speedy trial deadline would have been for Bramwell had he not been indicted jointly with his codefendants, and then assess whether any delay beyond that deadline is reasonable. *Contreras*, 216 F. Supp. 3d at 306; *United States v. Van*

9

*Sichem*, No. SS 89 CR. 813 (KMW), 1990 WL 41746, at *1 (S.D.N.Y. Apr. 2, 1990). *See also United States v. Nguyen*, 94–CR–241 (LLS), 1995 WL 380122, at *1 (S.D.N.Y. June 26, 1995) ("One benchmark used to assess whether such delay is reasonable is the time that would have elapsed on [the objecting defendant's] speedy trial clock had it not been altered by joinder of new defendants") (citing *United States v. Piteo*, 726 F.2d 50, 52–53 (2d Cir. 1983), *cert. denied*, 466 U.S. 905 (1984)).

Bramwell had his initial appearance in the District of Connecticut on October 10, 2023, based on claims asserted in a complaint. *See* ECF No. 8.  An indictment charging Bramwell was returned and published on the docket on October 17, 2023, and Bramwell was arraigned on October 25, 2023. *See* Superseding Indictment, ECF No. 46; Arraignment Minute Entry, ECF No. 71.  Subject to exceptions, the Speedy Trial Act entitles a defendant to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).  Case law in this circuit is somewhat opaque as to whether a pre-indictment appearance constitutes an appearance for purposes of the Speedy Trial Act, though out-of-circuit authority suggests it does. *See United States v. Carrasquillo,* 667 F.2d 382, 384 (3d Cir. 1981).  Regardless, assuming without deciding that the pre-indictment appearance did constitute an appearance and assuming time was not otherwise excluded, the earliest Bramwell could have been entitled to trial is seventy days after the filing of the Superseding Indictment—December 26, 2023.  But Bramwell himself sought continuances of his trial date, resulting in time being excluded from speedy trial calculations. *See* Order Granting Defendants' Motions to Continue, ECF No. 121 (excluding time between November 20, 2023, and June 25, 2024, upon Bramwell's consent); Order Granting Bramwell's Consent Motion to Continue, ECF

No. 275 (excluding time between June 25, 2024, and October 22, 2024, on account of Bramwell being appointed new counsel); Speedy Trial Waiver, ECF No. 277 (consenting to the continuance ordered at ECF No. 275).  And additional time was excluded after the Court granted two continuance requests made by the Government, one of which it made after Bramwell had absconded.  *See* Order Granting Government's Motion to Continue, ECF Nos. 359, 409 (excluding time between October 15, 2024, and February 25, 2025, after denying Bramwell's motion for severance); ECF No. 538 (excluding time between February 25, 2025, and July 22, 2025, on account of Bramwell's absconder status).  Taking into account these exclusions, Bramwell's speedy trial clock has not yet run.

Nonetheless, the Court acknowledges that it has been nearly two years since Bramwell was arraigned, and his trial date has not yet arrived.  Bramwell himself consented to approximately one year of that delay, as detailed above.  The remaining nine months of delay stem from a four-month continuance sought by Bramwell's co-Defendants over his objection and the five-month continuance necessitated by Bramwell's decision to abscond supervision only a month before his February 25, 2025, jury selection date.  ECF No. 548.

The only delay attributable solely to Irizarry is the anticipated three months of delay Bramwell now faces.  This delay stems from Irizarry's decision to request new counsel only weeks before the July 22, 2025, jury selection date.[3]  But this limited delay resulting from a co-defendant resolving choice-of-counsel issues is not unreasonable.  *See Contreras*, 216 F. Supp. 3d at 307 (finding delay related to resolving co-defendant's choice-of-counsel issues reasonable).  Permitting a co-defendant's new counsel a reasonable period of time to ensure he is prepared for

---

[3] Irizarry had previously written to the Court twice to request new counsel, but the Court had denied those requests.  *See* Orders, ECF Nos. 613, 626.  The Court ultimately granted Irizarry's request, in part because of the content of the sealed filing at ECF No. 664.

11

trial is not ground for severance. *Id.* at 306. Here, Irizarry's new counsel has represented that he anticipates being prepared to proceed to trial in October of 2025 at the earliest. *See* ECF No. 695. A brief additional delay of three months to facilitate new counsel's trial readiness is reasonable, under the circumstances.

Thus, the Court finds that the anticipated delay between the date of this ruling and an October 28, 2025, jury selection date is "reasonable" under § 3161(h)(6). Severance on speedy trial grounds is, therefore, not warranted.

### IV.   CONCLUSION

For these reasons, Bramwell's motion for severance is DENIED. Bramwell will proceed to trial with co-Defendant Irizarry. Jury selection will take place on October 28, 2025. The Court will enter a separate order setting the trial date for both Bramwell and Irizarry, and associated deadlines.

**SO ORDERED** at Hartford, Connecticut, this 14th day of July, 2025.

>  */s/ Sarala V. Nagala*
> SARALA V. NAGALA
> UNITED STATES DISTRICT JUDGE